**EXHIBIT "A"**

**COPY**

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF LEXINGTON | C/A NO.: _____ |

FILED
2013 MAR 11 A 0:57
BETH A. CARRIGG
CLERK OF COURT
LEXINGTON SC

Deutsche Bank National Trust Company, as Trustee for GSAA Home Equity Trust 2006-16,

Plaintiff,

vs.

James Bradley Bailey, Individually, and as Co-Trustee of the James Bradley Bailey Revocable Living Trust, dated 12/28/2010, and as Co-Trustee of the James Bradley Bailey Revocable Living Trust, and as Co-Trustee of the James Bradley Bailey Revocable Living Trust, dated 8/2/2012; Solimon Zeba, as Co-Trustee of the James Bradley Bailey Revocable Living Trust, dated 12/28/2010; Joseph Bernard Shaw, as Co-Trustee of the James Bradley Bailey Revocable Living Trust, dated 8/2/2012; Malinda Blake Cancio, as Co-Trustee of the James Bradley Bailey Revocable Living Trust; Kae Sook Song, as Co-Trustee of the James Bradley Bailey Revocable Living Trust; Francisco Ordica, as Co-Trustee of the James Bradley Bailey Revocable Living Trust, dated 8/2/2012; Gerardo Contreras, as Co-Trustee of the James Bradley Bailey Revocable Living Trust, dated 12/28/2010,

Defendant(s).

**COMPLAINT**

(Non-Jury)

FORECLOSURE
OF REAL ESTATE
MORTGAGE
(Deficiency Judgment Waived)

**2013CP3200855**

The Plaintiff above named, complaining of the Defendant(s) herein alleges that:

1. Plaintiff, Deutsche Bank National Trust Company, as Trustee for GSAA Home Equity Trust 2006-16, is a business entity duly authorized to conduct business in the State of South Carolina.

2. Upon information and belief, the Defendants James Bradley Bailey, Individually, and as Co-Trustee of the James Bradley Bailey Revocable Living Trust, dated 12/28/2010, and as Co-Trustee of the James Bradley Bailey Revocable Living Trust, and as Co-Trustee of the James Bradley Bailey Revocable Living Trust, dated 8/2/2012; Solimon Zeba, as Co-Trustee of the James Bradley Bailey Revocable Living Trust, dated 12/28/2010; Joseph Bernard Shaw, as Co-Trustee of the James Bradley Bailey Revocable Living Trust, dated 8/2/2012; Malinda Blake Cancio, as Co-Trustee of the James Bradley Bailey Revocable Living Trust; Kae Sook Song, as

B&S No.: 12-24971

Co-Trustee of the James Bradley Bailey Revocable Living Trust; Francisco Ordica, as Co-Trustee of the James Bradley Bailey Revocable Living Trust, dated 8/2/2012; and Gerardo Contreras, as Co-Trustee of the James Bradley Bailey Revocable Living Trust, dated 12/28/2010 are residents and citizens of the County of Clark, State of Nevada.

3. The real property hereinafter described, that is the subject of this action, is situated and located in the County of Lexington, State of South Carolina, and this Court has proper jurisdiction over the subject matter and the parties of this action.

4. Heretofore James Bradley Bailey (hereinafter "Borrower(s)") made, executed, and delivered to Wells Fargo Bank, N.A. (hereinafter "Lender") a certain Adjustable Rate Note dated January 18, 2006, in writing (hereinafter "Note"), wherein and whereby James Bradley Bailey promised to pay to Wells Fargo Bank, N.A., the principal sum of $101,610.00, together with interest at the rate of 8.25% per annum on the unpaid balance; said principal and interest being payable in monthly installments thereafter until the said Note is fully paid.

5. In order to secure the payment of said Note, the said James Bradley Bailey (hereinafter "Mortgagor(s)"), did make, execute, and deliver to Wells Fargo Bank, N.A., its successors and assigns, a certain mortgage dated January 18, 2006 (hereinafter "Mortgage") securing the below described real property, including any and all improvements to the property, located in the County and State aforesaid (hereinafter "Property"):

> All that certain piece, parcel or lot of land, together with any improvements thereon, situate, lying and being in the County of Lexington, State of South Carolina; being known and designated as Lot 50 on a Plat of Mill Pond Subdivision by Civil Engineering of Columbia, dated November 5, 1986, revised September 4, 1987 and recorded in the Office of the Register of Mesne Conveyances for Lexington County in Plat Book 219G at Page 117; and the same also being shown on a plat prepared fpr Joell R. Hartley and Janet N. Hartley by Belter & Associates, Inc. dated May 21, 1997, and recorded in the Office of the Register of Mesne Conveyances for Lexington County in Plat Book 280 at Page 114 and having the same boundries and measurements as shown on said latter plat
>
> This being the same property conveyed to James Bailey from JPMorgan Chase Bank, as Trust Administrator, on Behalf of the Holders of the CSFB Mortgage-Backed Pass-Through Certificates Series 2002-18, by Deed dated December 9, 2005 and Recorded January 20, 2005 in Book 10774 Page 176, Lexington County ROD.

Thereafter, the property was conveyed to James Bradley Bailey, Solimon Zeba, and Gerardo Contreras as Co-Trustees of The James Bradley Bailey Revocable Living Trust, dated December 28, 2010, by Deed of James Bradley Bailey dated December 30, 2010 and recorded December 30, 2010 in Book 14654 at Page 312.

Thereafter, the property was conveyed to James Bradley Bailey, Malinda Blake Cancio, and Kae Sook Song, as Co-Trustees of The James Bradley Bailey Revocable Living Trust, from James Bradley Bailey, as co-trustee of the James Bradley Bailey Revocable Living Trust, by Deed dated November 3, 2011 and recorded November 7, 2011 in Book 15152 at Page 332.

Thereafter, the property was conveyed to James Bradley Bailey, Joseph Bernard Shaw and Francisco Ordica as Co-Trustees of The James Bradley Bailey Revocable Living Trust, dated August 2, 2012, by Deed of James Bradley Bailey dated August 3, 2012 and recorded August 3, 2012 in Book 15676 at Page 138.

Parcel Number: 006538-01-050

Property Address: 201 Crowne Pointe Road, Lexington, SC 29073

6. Melissa Wessinger, as his Attorney-in-Fact, signed the Note and the Mortgage on behalf of James Bradley Bailey. These actions were authorized pursuant to a Power of Attorney recorded on January 20, 2006 in Book 10774 at Page 182.

7. Said Mortgage was recorded on January 20, 2006 in Book 10774 at Page 185 in the Lexington County Registry.

8. Thereafter the Mortgage was assigned to Deutsche Bank National Trust Company, as Trustee for GSAA Home Equity Trust 2006-16 by assignment recorded on October 19, 2007 in Book 12418 at Page 122.

9. The Mortgage evidences and secures the repayment of money advanced by the Lender to, or on behalf of, the Mortgagor(s) and constitutes a valid purchase money first lien on the Property.

10. As required by South Carolina Supreme Court Administrative Order 2009-05-22-01 ("the Administrative Order"), Plaintiff states that this loan is owned or guaranteed by Fannie Mae, or it is owned or guaranteed by FHLMC, or the Servicer has signed an agreement to participate in the Home Affordable Modification Program ("HMP"); however, Plaintiff alleges upon information and belief, that the loan is not subject to modification under the HMP as contemplated under the

Administrative Order because the subject Property is not the primary residence of the Borrower.

11. Any notice required by the terms of the Mortgage or by State or Federal law has been given to the applicable defendant(s) prior to the commencement of this action.

12. The Plaintiff herein is entitled to enforce said Note by virtue of the Plaintiff's status as holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or person not in possession of the instrument who is entitled to enforce the instrument pursuant to S.C. Code Ann. §§ 36-3-309 or 36-3-418(d) (2008).

13. In and by the terms of said Note and the Mortgage securing the same, it is provided, among other things, that on failure to pay any installment of either principal or interest or any portion thereof when due, or if any of the conditions and requirements in the Mortgage securing the same not be complied with, then the whole principal sum and accrued interest shall at the option of the legal holder thereof become at once due and payable without notice, and collectible by foreclosure.

14. In and by the terms of the said Note it is further provided that the maker thereof shall pay all collection costs including reasonable attorneys' fees if the said Note be placed in the hands of an attorney for collection after default.

15. Plaintiff waives its right to a deficiency judgment as to any defendant for amounts due on the herein described note and mortgage.

16. The installments of principal and interest falling due from and after October 1, 2008, have not been paid although demand for the payment thereof has been made. The Plaintiff, as holder of the said Note and Mortgage, has and does hereby elect to declare the entire balance of said principal and interest due and payable at once; that there is now due and owing and unpaid upon the said Note and Mortgage the full and just principal sum of $99,323.79, together with interest at the rate of 6.875% per annum, the current/modified rate of interest, from the date of the last payment, together with reasonable attorneys' fees for the collection thereof and the costs of this action. Plaintiff may be forced to pay sums for taxes, insurance and costs for securing the property, which sums, according to the terms of the Mortgage, should be added to the amount of

the debt.

17. Upon information and belief, said information having been obtained from the records of Lexington County, South Carolina, the Defendant(s) below named has/have or may claim to have some interest in or lien upon the Property by virtue of the matters and things herein below alleged, to-wit:

    a. The Defendants, James Bradley Bailey, Solimon Zeba, and Gerardo Contreras, as Co-Trustees of the James Bradley Bailey Revocable Living Trust, dated December 28, 2010, have or may claim to have some interest in the Property by virtue of a certain deed of James Bradley Bailey purporting to convey an interest in the subject property to the aforementioned defendants. Said deed being recorded 12/30/2010 in the Lexington County Records in Book 14654 at Page 312. Any interest that these Defendants received in the subject property is "subject to" Plaintiff's Mortgage and this interest should be eliminated through a properly completed foreclosure sale.

    b. The Defendants, James Bradley Bailey, Malinda Blake Cancio, and Kae Sook Song, as Co-Trustees of the James Bradley Bailey Revocable Living Trust, have or may claim to have some interest in the Property by virtue of a certain deed of James Bradley Bailey purporting to convey an interest in the subject property to the aforementioned defendants. Said deed being recorded 11/07/2011 in the Lexington County Records in Book 15152 at Page 332. Any interest that these Defendants received in the subject property is "subject to" Plaintiff's Mortgage and this interest should be eliminated through a properly completed foreclosure sale.

    c. The Defendants, James Bradley Bailey, Joseph Bernard Shaw, and Francisco Ordica, as Co-Trustees of the James Bradley Bailey Revocable Living Trust, dated August 2, 2012, have or may claim to have some interest in the Property by virtue of a certain deed of James Bradley Bailey purporting to convey an interest in the subject property to the aforementioned defendants. Said deed being recorded 08/03/2012 in the Lexington County Records in Book 15676 at Page 138. Any interest that these Defendants received in the subject property is "subject to" Plaintiff's Mortgage and this interest should be eliminated through a properly completed foreclosure sale.

WHEREFORE, Plaintiff prays judgment that:

A. The amount due upon the said Note and Mortgage held by the Plaintiff be ascertained and determined under the direction of this Court, together with attorney's fees and costs of this action.

B. Appoint a Receiver to collect the rents, issue, profits or designated sums from the mortgagor(s), and/or the grantee(s) of the mortgagor(s), and/or tenant(s) occupying or exercising control over the mortgaged premises and hold the same subject to the further order of this Court.

C. Plaintiff's Mortgage be declared a valid purchase money first lien and that Plaintiff have judgment of foreclosure for the amount so found to be due and owing thereon, together with any taxes or insurance premiums which may be due or which may be or have been paid by Plaintiff, together with attorney's fees and for the costs of this action.

D. The Property be sold according to law and the practice of this Court, the equity of redemption be barred and that the proceeds of sale be applied as follows:

> First, to the costs and expenses of the within action and said sale;
>
> Second, to the payment and discharge of the amount due on Plaintiff's Note and Mortgage, together with attorney's fees as aforesaid; and
>
> Third, the surplus, if any, be distributed according to law.

E. For such other and further relief as may be just and proper.

FURTHER, in the event the successful bidder (at the time of this foreclosure sale) is other than the Defendant(s) in possession herein, the Sheriff of Lexington County will be ordered and directed to eject and remove from the premises the occupants of the property sold, together with all personal property located therein, and put the successful bidder or his assigns in full, quiet and peaceable possession of said Property without delay, and to keep the successful bidder or his assigns in such peaceable possession.

Brian L. Campbell, SC Bar No. 74521
Suzanne E. Brown, SC Bar No. 76440
Jason L. Branham, SC Bar No. 72902
Chad Burgess, SC Bar No. 72520
J. Marshall Swails, SC Bar No. 79067
Sarah B. Oliver, SC Bar No. 80165
J. Martin Page, SC Bar No. 100200
Brook Dangerfield, SC Bar No. 77912
January N. Taylor, SC Bar No. 80069
Travis E. Menk, SC Bar No. 79144
Brock & Scott, PLLC
3800 Fernandina Road, Suite 110
Columbia, SC 29210
Phone 888-726-9953 Fax 866-676-7658
Attorneys for Plaintiff

Dated: 3 / 8 / 13
Wilmington, North Carolina

COPY

STATE OF SOUTH CAROLINA )( IN THE COURT OF COMMON PLEAS
COUNTY OF LEXINGTON )( C/A NO.: _____

FILED 2013 MAR 11 A 0: 57
CARRIGG
CLERK OF COURT
LEXINGTON SC

2013CP3200655

Deutsche Bank National Trust Company, as
Trustee for GSAA Home Equity Trust 2006-16,
    Plaintiff,
vs.
James Bradley Bailey, et al.,
    Defendant(s).

**CERTIFICATE OF COMPLIANCE WITH SOUTH CAROLINA SUPREME COURT ORDER NO. 2011-05-02-01**
(Non-owner occupied property)

The undersigned attorney for the Plaintiff does hereby certify as follows:

1) That this is an action for the foreclosure of real property; and

2) That the Administrative Order of the Supreme Court of South Carolina dated May 2nd, 2011 (2011-05-02-01) does not apply in this case because the real property is not an "owner occupied property/dwelling" as defined in the Order.

*/s/ Brian L. Campbell*
Brian L. Campbell, SC Bar No. 74521
Suzanne E. Brown, SC Bar No. 76440
Jason L. Branham, SC Bar No. 72902
Chad Burgess, SC Bar No. 72520
J. Marshall Swails, SC Bar No. 79067
Sarah B. Oliver, SC Bar No. 80165
J. Martin Page, SC Bar No. 100200
Brook Dangerfield, SC Bar No. 77912
Marc S. Asbill, SC Bar No. 100332
January N. Taylor, SC Bar No. 80069
Travis E. Menk, SC Bar No. 79144
Mark A. Pearson, SC Bar No. 15926
Brock & Scott, PLLC
3800 Fernandina Road, Suite 110
Columbia, SC 29210
Phone 888-726-9953 Fax 866-676-7658
Attorneys for Plaintiff

Dated: 3 / 8 / 13
Wilmington, North Carolina

B&S No.: 12-24971

## NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. Section 1601, As Amended

-The amount of the debt as of March 6, 2013, is the principal sum of $99,323.79; with, interest from the date that the last payment was made, advances, late charges, and the costs and disbursements of this action, including attorney's fees.

-The plaintiff named in the attached Summons and Complaint is the creditor to whom the debt is owed.

-The debt is described in the Complaint attached hereto and will be assumed to be valid by the creditor's law firm, unless the debtor, within thirty days after the receipt of this notice, disputes the validity of the debt or some portion thereof.

-If the debtor notifies the creditor's law firm within thirty days of the receipt of this notice that the debt or any portion thereof is disputed, the creditor's law firm will obtain a verification of the debt and a copy of the verification will be mailed to the debtor by the creditor's law firm.

-If the creditor named as plaintiff in the attached Summons and Complaint is not the original creditor, and if the debtor makes a request to the creditor's law firm within thirty days from the receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

-Requests may be made in writing addressed to Brock & Scott, PLLC, 5431 Oleander Dr., Suite 200 Wilmington, NC 28403 (or the address listed on the previous pages in this document); by telephone at (888) 726-9953; by fax to (910) 392-8587; or by email to ClientRelations@brockandscott.com.

-This notice should <u>not</u> be construed as a thirty (30) day grace period. Creditor may pursue collection efforts immediately and not wait thirty (30) days.

*** THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. IF YOU HAVE BEEN DISCHARGED IN A CHAPTER SEVEN BANKRUPTCY, WE ARE NOT SEEKING PERSONAL LIABILITY AGAINST YOU, BUT ARE PURSUING THE RIGHTS AGAINST THE PROPERTY AS PROVIDED IN THE SECURITY AGREEMENTS***

B&S No.: 12-24971

## NOTICE REGARDING MILITARY SERVICE

If you are currently or have within the last nine (9) months been in the military service AND joined after signing the mortgage (aka Deed of Trust or Security Deed) that is now in foreclosure, please notify this office immediately.

You may be entitled to some protections under the Servicemembers Civil Relief Act. When contacting this office as to your military service, you must provide us with positive proof as to your military status.

B&S No.: 12-24971