James Bradley Bailey
1008 Putnam Ave.
North Las Vegas, NV. 89030
702-768-2883
bradleybailey@hotmail.com

# UNITED STATES DISTRCIT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | |
|---|---|
| James Bradley Bailey,<br><br>      Plaintiff,<br><br>v.<br><br>Bank of America Corporation, OneWest Bank, Wells Fargo Bank, Suntrust Bank, Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-4, GSAA Home Equity Trust 2006, And All persons Unknown, Claiming any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff Title Thereto, Korn Law Firm, P.A., Brock and Scott, PLLC, Rogers Townsend & Thomas, PC. And Does 1 through 25, inclusive,<br><br>      Defendants. | CASE NO:   **3:14-CV-01849-MGL-PJG**<br><br>**FIRST AMENDED NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446, ("Removal Statutes"), F.R.C.P. Rule 60, S.R.C.P. Rule 60, and applicable case law herby removes the foreclosure actions listed below ("Actions") from the Common Court of Pleas for Lexington County, South Carolina:

---

1
COMPLAINT

- Case #10-CP-32-O987 regarding the property commonly known as 310 Shadowfield Drive West Columbia, SC. 29169 ("Shadowfield Property"); Exhibit "D".
- Case #11-CP-32-4702 regarding the property commonly known as 383 Golden Jubilee Road, Gilbert, SC. 29054 ("Golden Jubilee Property"); Exhibit "E".
- Case #13-CP-00855 201 Crown Poine Road, Lexington, SC. 29073 ("Crownpointe). Property"). The state court complaint is submitted herewith as Exhibit "A".
- Case #12-CP-32-1396 regarding the property commonly known as 123 Weaver Drive, Lexington, SC. 29073 ("Weaver Property"). The Complaint is submitted herewith as Exhibit "B".
- Case #09-CP-32-0723 regarding the property commonly known as 108 Westpointe Court, Lexington, SC. 29073 ("108 Westpointe Property"); Exhibit "F"; and,
- Case #09-CP-2810 regarding the property commonly known as 120 Westpointe Court, Lexington, SC. 29073 ("120 Westpointe Property"). Exhibit "G".

A chart of each case is submitted herewith as Exhibit "C", for ease of reference

The Actions are removed to the United States District Court for the District of South Carolina, Columbia Division. As grounds for removal, Defendants state as follows:

### PRIOR PROCEEDINGS IN STATE COURT

1. Plaintiffs in the Actions filed the above foreclosure actions in the Court of Common Pleas, Lexington County, South Carolina. With the exception of the two state court complaints filed herewith, copies of the Summons' and Complaints will be filed as soon as they are available. The others are not available at this time because the Plaintiff herein was not properly served and Lexington Court requires a person to physically go to the court and

copy them. Plaintiff herein has not yet been able to do so as he lives out of state. However, Plaintiffs in the Actions have a copy, in that counsel filed the Actions.

2. In the 201 Crown Point Action, Case #13-CP-00855 201, the Plaintiff has not been served.

3. As of the time of this Notice of Removal, the time for filing a responsive pleading in the Crown Point Action has not expired and no orders have been issued. Thus, all statutory requirements of the federal Removal Statutes have been met according to the statutes.

4. In the other Actions, the time limits for Removal do not apply for the following reasons.

    A. The state court had no jurisdiction because the Actions were never properly served, thus they were never "commenced" for purposes of the Removal Statutes.

    B. The state court had no jurisdiction because the Actions are and, were void, and of no force or effect. F.R.C.P. 60 provides judgments and orders obtained through fraud "or any other reason that justifies relief" deprives the court of jurisdiction. South Carolina law is the same; S.C.R.C.P. Rule 60.

    C. Case law also provides there is no time limit. The U.S. Supreme Court explained:

"Although Rule 60(b)(4) is ostensibly subject to the "reasonable" time limit of Rule 60(b), at least one court has held that no time

limit applies to a motion under the Rule 60(b)(4) because a void judgment can never acquire validity through laches. See Crosby v. Bradstreet Co., 312 F.2d 483 (2nd Cir.) cert. denied, 373 U.S. 911, 83 S.Ct. 1300, 10 L.Ed.2d 412 (1963) where the court vacated a judgment as void 30 years after entry. See also Marquette Corp. v. Priester, 234 F.Supp. 799 (E.D.S.C.1964) where the court expressly held that clause Rule 60(b)(4) carries no real time limit" See, Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 2d 278 (1940).

South Carolina law of course follows Federal Constitutional law: "A judgment is a void judgment if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A.; U.S.C.A. Const Amend. 5. Klugh v. U.S., 620 F.Supp. 892 (D.S.C. 1985).

A void judgment is one that, from its inception, is a complete nullity and is without legal effect." Thomas & Howard Co. v. T.W. Graham and Co., 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995). The definition of void under the rule only encompasses judgments from courts which failed to provide proper due process, or judgments from courts which lacked subject matter jurisdiction or personal jurisdiction." McDaniel v. U.S. Fid. & Guar. Co., 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct. App. 1996). It is

fundamental that no judgment or order affecting the rights of a party to the cause shall be made or rendered without notice to the party whose rights are to be affected." (Tyron Fed. Sav. & Loan Ass'n v. Phelps, 307 S.C. 361, 362, 415 S.E.2d 397, 398 (1992). Generally, a person against whom a judgment or order is taken without notice may rightly ignore it and may assume that no court will enforce it against his person or property. The requirements of due process not only include notice, but also include an opportunity to be heard in a meaningful way, and judicial review. Grannis v. Ordean, 234 U.S. 385, 394 (1914) ('The fundamental requisite of due process of law is the opportunity to be heard.')" S.C. Dep't of Soc. Servs. v. Holden, 319 S.C. 72, 78, 459 S.E.2d 846, 849 (1995).

"A void judgment is one that, from its inception, is a complete nullity and is without legal effect." Thomas & Howard Co. v. T.W. Graham and Co., 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995). The definition of void under the rule only encompasses judgments from courts which failed to provide proper due process, or judgments from courts which lacked subject matter jurisdiction or personal jurisdiction." McDaniel v. U.S. Fid. & Guar. Co., 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct. App. 1996). It is fundamental that no judgment or order affecting the rights of a party to the cause shall be made or rendered without notice to the

party whose rights are to be affected." Tyron Fed. Sav. & Loan Ass'n v. Phelps, 307 S.C. 361, 362, 415 S.E.2d 397, 398 (1992). Generally, a person against whom a judgment or order is taken without notice may rightly ignore it and may assume that no court will enforce it against his person or property. The requirements of due process not only include notice, but also include an opportunity to be heard in a meaningful way, and judicial review. Grannis v. Ordean, 234 U.S. 385, 394 (1914) ("The fundamental requisite of due process of law is the opportunity to be heard."); S.C. Dep't of Soc. Servs. v. Holden, supra. 319 S.C. 72, 78, 459 S.E.2d 846, 849 (1995).

D. In addition and/or in the alternative the time limits in the Removal Statutes were equitably tolled due to the misconduct and fraud of the plaintiffs in the Actions.

DATED: July 16, 2014

By: _____
James Bradley Bailey