IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James Bradley Bailey, | ) | C/A No. 3:14-1849-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Bank of America Corporation; OneWest Bank; Wells Fargo Bank; Suntrust Bank; Deutsche Bank National Trust Company, *as Trustee for Soundview Home Loan Trust 2005-4*; Deutsche Bank National Trust Company *as Trustee for GSAA Home Equity Trust 2006, And All persons Unknown, Claiming any Legal or Equitable Right, Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff Title Thereto*; Korn Law Firm, PA; Brock and Scott, PLLC; Rogers, Townsend & Thomas, PC; and Does 1 through 25 *inclusive*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The plaintiff, James Bradley Bailey, a self-represented litigant, filed this action pursuant to the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., against the named defendants.[1]  Bailey also purports to allege various state law claims against the defendants.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and

---

[1] It appears that Bailey never identified the John Doe defendants for service of process. Moreover, the summons for Defendant Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-4, was returned unexecuted by the United States Marshal because this defendant could not be located for service of process. (ECF No. 103.) Accordingly, the court recommends that these defendants be dismissed from this action without prejudice. See Fed. R. Civ. P. 4(m).



Recommendation on the motions to dismiss filed by the defendants. (ECF Nos. 43, 48, 67, 70, 72, 75, 81, 82.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Bailey of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motions. (ECF Nos. 45, 51, 68, 73, 76, & 84.) Bailey filed a response in opposition (ECF No. 112), and the following defendants filed a reply: Brock and Scott, PLLC; Korn Law Firm, PA; OneWest Bank; Rogers, Townsend & Thomas, PC; and Suntrust Bank. (ECF Nos. 113, 114, 115, 117, & 118.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motions to dismiss should be granted.

## BACKGROUND

The Complaint alleges "major defects in the foreclosure pleadings filed with the South Carolina Court of Common Pleas" associated with six properties owned by Bailey. (Compl., ECF No. 1 at 2.) The properties are identified by their addresses as the: (1) Shadowfield Property; (2) Golden Jubilee Property; (3) Crown Point Property; (4) Weaver Property; (5) 108 Westpointe Property; and (6) 120 Westpointe Property.[2] (Id. at 2.) The Complaint asserts that judgments of foreclosure have been obtained on five of the six properties, but final notices of sale have not been issued, none of the properties has been sold, and the foreclosure actions "have not been completed." (Id.) Bailey claims that the five judgments of foreclosure which have been issued are "void for fraud

---

[2] The court notes that, to the extent Bank of America, N.A., rather than Defendant Bank of America Corporation, foreclosed on the Weaver Property (see Def.'s Mem. Supp. Mot. to Dismiss, ECF No. 70-1 at 4-5), and SunTrust Mortgage, rather than SunTrust Bank, foreclosed on the Shadowfield Property (see Def.'s Mem. Supp. Mot. to Dismiss, ECF No. 72-1 at 6-7), amendment of the Complaint to name Bank of America, N.A., and SunTrust Mortgage would be futile because the Complaint's claims relating to the Weaver and Shadowfield properties would be subject to dismissal even if these entities were named as defendants.



and/or other misconduct" and that he was not properly served with any of the foreclosure actions. (Id.)

The Complaint asserts a violation of RESPA as to all defendants and alleges that Bailey sent qualified written requests ("QWRs"), pursuant to 12 U.S.C. § 2605(e)(1)(B), regarding the properties and loans. (Id. at 29.) Bailey claims that the QWRs stated his belief that the accounts in connection with the "Subject Loans were not in default regarding the amounts defendants herein claimed to be owing and requested that the defendants correct the error." (Id.) Bailey indicates that he also requested documents related to the securitization of the loans; however, the defendants ignored the QWRs and failed to provide any of the requested information. (Id. at 8, 29-30.) The Complaint further alleges that the defendants failed: (1) to make appropriate corrections to Bailey's account in response to the QWRs; (2) refused to cease collection efforts and foreclosure proceedings after receipt of the QWRs; and (3) provided "information to consumer reporting agencies regarding overdue payments allegedly owned by the Plaintiff that were related" to the QWRs. (Id. at 30.) Bailey also claims that the defendants failed to provide "a Servicing Statement as set forth in 12 U.S.C. § 2605(a)." (Id. at 29.)

The Complaint next alleges a cause of action under the FCRA asserting that the "Bank Defendants" violated 15 U.S.C. § 1681s-2(a) by providing credit bureaus with false information regarding Bailey. (Id. at 31-32.) As a result, Bailey's credit rating was very poor, causing him to be denied subsequent loans. (Id. at 32.)

The Complaint further alleges state law causes of action for: (1) fraud; (2) violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 et seq.; (3) wrongful foreclosure; (4) quiet title; and (5) violation of S.C. Code Ann. § 30-9-30. (Id. at 32-43.) Bailey



asks this court to: (1) compel the defendants to remove any instrument constituting a cloud on Bailey's titles; (2) issue a declaratory judgment determining the rights and obligations of the parties as to Bailey's properties; (3) find that the defendants violated South Carolina statutes regarding foreclosure procedures and acted fraudulently; (4) issue an order restraining the defendants from continuing or initiating any action against Bailey's home during the pendency of this matter; (5) declare that Bailey is the true and rightful owner of the properties; (6) issue an order cancelling the mortgages and foreclosures; (7) issue an order quieting title in Bailey's favor for the properties; (8) award compensatory and punitive damages; (9) enjoin the defendants, pursuant to the "South Carolina Fair Trade Act," from committing any acts of unfair competition; and (10) award reasonable costs and other relief deemed proper. (Id. at 43-44.)

## DISCUSSION

**A.     Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court may consider



"documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Further, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396-97 (4th Cir. 2006) (citing Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999) (permitting consideration of extraneous material if such materials are "integral to and explicitly relied on in the complaint"); Gasner v. Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (permitting district court to take judicial notice of public documents, such as court records, even when the documents are neither referenced by nor integral to plaintiff's complaint)).

In applying this standard, the court observes that it is required to liberally construe *pro se* complaints. Erickson, 551 U.S. at 94. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d



411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     RESPA Claims**

"RESPA prescribes certain actions to be followed by entities or persons responsible for servicing federally related mortgage loans, including responding to borrower inquiries." Ward v. Sec. Atl. Mortg. Elec. Registration Sys., Inc., 858 F. Supp. 2d 561, 573 (E.D.N.C. 2012) (citing 12 U.S.C. § 2605). In their motions to dismiss, the defendants assert that Bailey's claims under RESPA should be dismissed as a matter of law. (See Defs.' Mots. or Mem. Supp. Mots. to Dismiss, ECF No. 43-1 at 11-13; ECF No. 48-1 at 18-21; ECF No. 67 at 13-16; ECF No. 70-1 at 5-7; ECF No. 72-1 at 7-11; ECF No. 75-1 at 4-5; ECF No. 81 at 16-19; ECF No. 82-1 at 9-10.) As discussed below, the court finds that the defendants' motions to dismiss should be granted in relation to Bailey's RESPA claims.

**1.     Required Disclosures**

All defendants except Defendant Wells Fargo Bank assert that they cannot be held liable for any violation under § 2605(a) because they are not the mortgage loan originators. (See Defs.' Mots. or Mem. Supp. Mots. to Dismiss, ECF No. 43-1 at 12; ECF No. 48-1 at 18; ECF No. 67 at 13; ECF No. 70-1 at 5-6; ECF No. 72-1 at 8; ECF No. 75-1 at 5; ECF No. 82-1 at 10.) Defendant Wells Fargo Bank asserts that Bailey's claims under § 2605(a) must be dismissed because the statute of limitations on any such claims have expired. (Def.'s Mot. to Dismiss, ECF No. 81 at 16-17.) In Bailey's response in opposition to the defendants' motions, he reiterates that the defendants failed to respond to his QWRs and requests for loan information. (Pl.'s Resp. Opp'n, ECF No. 112 at 4.) However, Bailey fails to refute the defendants' arguments regarding § 2605(a).



RESPA requires a lender to make certain disclosures at the time the mortgage is originated. 12 U.S.C. § 2605(a) ("Each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding."). However, any action pursuant to the provisions of § 2605 must be brought within three years "from the date of the occurrence of the violation." 12 U.S.C. § 2614. The Complaint alleges that the following lenders originated the mortgages at issue: (1) Shadowfield Property lender identified as 1st Choice Mortgage/Equity Corp. of Lexington; (2) Golden Jubilee Property lender identified as Wells Fargo Bank, N.A.; (3) Crown Point Property lender identified as Wells Fargo Bank, N.A.; (4) Weaver Property lender identified as America's Wholesale Lender and borrowers identified as Kelly Olin and Shane Olin;[3] (5) 108 Westpointe Property lender identified as Palmetto South Mortgage Corp.; and (6) 120 Westpointe Property lender identified as Palmetto. (Compl., ECF No. 1 at 10, 12-13, 15, 18.) The Complaint further asserts that the mortgages originated by Defendant Wells Fargo Bank were executed in 2006. (Id. at 12-13.)

The court agrees that the Complaint fails to allege a plausible claim under § 2605(a). First, Bailey fails to allege that any defendant, except Defendant Wells Fargo Bank, is an originator of the loans connected to Bailey's mortgages. See Burkhead v. Wachovia Home Mortg., C/A No. 3:12-832-JAG, 2013 WL 2156472, at *4 (E.D. Va. May 17, 2013) (holding that a "passing reference to

---

[3] As argued by Defendant Bank of America Corporation (Def.'s Mem. Supp. Mot. to Dismiss, ECF No. 70-1 at 6-7), recovery for civil liability under RESPA is limited to borrowers. See Leblow v. BAC Home Loans Servicing, LP, C/A No. 1:12-246-MR-DLH, 2013 WL 2317726, at *7 (W.D.N.C. May 28, 2013) (accepting Memorandum and Recommendation) (collecting cases). Thus, to the extent Bailey was not the borrower on the Weaver Property, he has no RESPA claim regarding that loan. Id.



§ 2605(a) achieves nothing" where the plaintiff does not allege that the defendant failed to disclose applicable information " 'at the time of application for the loan' ") (quoting 12 U.S.C. § 2605(a)). Secondly, as the Complaint asserts that the mortgages originated by Defendant Wells Fargo for the Golden Jubilee and Crown Point properties were executed in 2006, such claims are barred by the applicable statute of limitations.[4] Accordingly, the defendants' motions to dismiss should be granted in relation to Bailey's RESPA claims brought pursuant to § 2605(a).

### 2. Qualified Written Requests

Many of the defendants argue that they are not loan servicers or did not service any of the loans connected to this case. (See Defs.' Mots. or Mem. Supp. Mots. to Dismiss, ECF No. 43-1 at 12; ECF No. 70-1 at 7; ECF No. 75-1 at 5; ECF No. 82-1 at 10.)  The remaining defendants argue that Bailey's claims relating to his QWRs should be dismissed because the Complaint alleges that such QWRs sought information about the validity of Bailey's loans, rather than information regarding the defendants' servicing of the loans. (See Defs.' Mots. or Mem. Supp. Mots. to Dismiss, ECF No. 48-1 at 19-20; ECF No. 67 at 14-16; ECF No. 72-1 at 8-9; ECF No. 81 at 18-19.)  Bailey does not refute the defendants' assertions. (Pl.'s Resp. Opp'n, ECF No. 112.)

RESPA requires a servicer to acknowledge a borrower's QWR for information relating to the servicing of a loan within five business days of receipt, and to provide a written response to the QWR within thirty days. 12 U.S.C. § 2605(e)(1)(A), (e)(2). "In order to state a claim for a violation of RESPA's QWR provisions, the borrower must demonstrate (1) a written request that meets

---

[4] The Complaint alleges that Bailey executed a note and mortgage on the Shadowfield Property in August of 2005, and that Kelly and Shane Olin executed a note and mortgage on the Weaver Property in August of 2002. (ECF No. 1 at 10, 15.) Thus, any claims under § 2605(a) related to these properties are likewise barred by the statute of limitations.



RESPA's definition of a QWR, (2) the servicer failed to perform its duties, and (3) actual damages." IAR Family Trust v. Suntrust Mortg., Inc., C/A No. 3:13-CV-418-GCM, 2014 WL 1432378, at *3 (W.D.N.C. Apr. 14, 2014). Courts in this circuit have held that a letter challenging the validity of a debt does not constitute a QWR. See Ward, 858 F. Supp. 2d at 574. Further, requests for "loan documents, assignments of the deed of trust and promissory note" are not considered a QWR. Id.; see also Reed v. PNC Mortg., C/A No. AW-13-1536, 2013 WL 3364372, at *4 (D. Md. July 2, 2013) (finding "no plausible claim for relief pursuant to RESPA" where the plaintiff's purported QWR to the defendant "contested the validity of the loan and requested various documents and information relating to the origination and transfer of the note and deed of trust").

The Complaint alleges that Bailey sent QWRs stating "his belief the accounts in connection with the Subject Loans were not in default," requesting that the defendants correct alleged errors regarding the amounts they claimed were owed, and requesting documents related to securitization of the loans. (ECF No. 1 at 29.) However, as argued by the defendants, Bailey's correspondence challenging the validity of the debt and seeking copies of loan securitization documents does not constitute a QWR. See Ward, 858 F. Supp. 2d at 574; see also 12 U.S.C. § 2605(e)(1)(B)(ii) (stating that a QWR is a written correspondence that includes "a statement of the reasons for the belief of the borrower . . . that the account is in error"). Accordingly, the court concludes that, to the extent any of the defendants were servicers of Bailey's loans, they are entitled to dismissal from the Complaint's claims under § 2605(e) and their motions to dismiss should be granted.

3.     **Failure to allege damages**

The defendants argue that Bailey's RESPA claims are further subject to dismissal because he fails to allege any pecuniary loss attributable to the defendants' purported RESPA violations.



(See Defs.' Mots. or Mem. Supp. Mots. to Dismiss, ECF No. 48-1 at 20; ECF No. 72-1 at 9.) " '[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiff must, at a minimum, also allege that the breach resulted in actual damages.' " Champion v. Bank of Am., N.A., C/A No. 5:13-CV-272-BR, 2014 WL 25582, at *3 (E.D.N.C. Jan. 2, 2014) (citation omitted); see also Ward, 858 F. Supp. 2d at 575 (collecting cases). While the Complaint generally alleges "imminent loss of Plaintiff's Properties" and seeks monetary damages, Bailey fails to provide facts to allege actual damages resulting from the defendants' actions. (ECF No. 1 at 27, 44.) Therefore, the court agrees that Bailey's RESPA claims are deficient and that the defendants' motions to dismiss Bailey's claims under that statute should be granted.

**C.     FCRA Claims**

The defendants argue that Bailey's FCRA claims fail as a matter of law. (See Defs.' Mots. or Mem. Supp. Mots. to Dismiss, ECF No. 48-1 at 16-18; ECF No. 67 at 12; ECF No. 72-1 at 10-11; ECF No. 81 at 15-16.) Bailey does not discuss this argument in his response in opposition to the defendants' motions. (Pl.'s Resp. Opp'n, ECF No. 112.)

The FCRA, 15 U.S.C. § 1681 et seq., imposes duties on the furnishers of consumer credit information. Specifically, section 1681s-2(a) of the FCRA "prohibits any person from furnishing information to a [credit reporting agency] that the person knows is inaccurate." Saunders v. Branch Banking & Trust Co., 526 F.3d 142, 148 (4th Cir. 2008). Further, where a furnisher of information is notified of a dispute regarding the accuracy of information previously disclosed, the FCRA imposes a duty on the furnisher to review such information and report whether it was incomplete or inaccurate. See 15 U.S.C. § 1681s-2(b). Bailey cites both of these provisions in the Complaint and

alleges that the "Bank Defendants" reported false information to credit bureaus. (ECF No. 1 at 31-32.)

As argued by the defendants, there is no private right of action under 15 U.S.C. § 1681s-2(a) for furnishing inaccurate information to a credit reporting agency. See Saunders, 526 F.3d at 149; Mutean v. Discover Fin. Servs., C/A No. 6:13-1151-HMH, 2013 WL 2636003, at *2 (D.S.C. June 12, 2013) (holding that this provision of the FCRA can only be enforced by government officials). Therefore, the court agrees that the defendants' motions should be granted as to Bailey's claims that the defendants failed to accurately report information to credit bureaus under the FCRA.

Moreover, while there is a private right of action under 15 U.S.C. § 1681s-2(b), duties only arise under that provision upon the furnisher's receipt of notice from a credit reporting agency that information has been disputed. See Mavilla v. Absolute Collection Serv., Inc., 539 F. App'x 202, 208 (4th Cir. 2013); see also Best v. Cequel, C/A No. 4:14-CV-61-FL, 2014 WL 6453960, at *2 (E.D.N.C. Nov. 17, 2014) (collecting cases holding that notice of dispute must be received from the credit reporting agency to trigger a violation under § 1681s-2(b)). The instant Complaint provides no factual allegations to demonstrate that liability under § 1681s-2(b) was triggered for any defendant. Accordingly, the court concludes that the defendants' motions for dismissal should be granted as to all of Bailey's FCRA claims.

**D.     State Law Claims**

In light of the recommendation that the defendants' motions to dismiss be granted as to Bailey's federal claims, the court should decline to exercise supplemental jurisdiction over Bailey's state law claims. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715,

726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motions to dismiss (ECF Nos. 43, 48, 67, 70, 72, 75, 81, & 82) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 10, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).