IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JAMES BRADLEY BAILEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BANK OF AMERICA CORPORATION; ) <br> ONEWEST BANK; WELLS FARGO ) <br> BANK; SUNTRUST BANK; DEUTSCHE ) <br> BANK NATIONAL TRUST COMPANY, ) <br> as Trustee for Soundview Home Loan ) <br> Trust 2005-4; KORN LAW FIRM, PA; ) <br> BROCK AND SCOTT, PLLC; ROGERS, ) <br> TOWNSEND & THOMAS, PC; DOES 1 ) <br> THROUGH 25, inclusive; DEUTSCHE ) <br> BANK NATIONAL TRUST COMPANY, ) <br> as Trustee for GSAA Home Equity Trust ) <br> 2006, And All persons Unknown, Claiming ) <br> any Legal or Equitable Right, Title, Estate, ) <br> Lien, or Interest in the Property Described ) <br> in the Complaint Adverse to Plaintiff's Title,) <br> or Any Cloud on Plaintiff Title Thereto, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 3:14-cv-1849-TLW |

**ORDER**

Plaintiff James Bradley Bailey, proceeding pro se, filed this civil action on May 8, 2014, alleging that Defendants violated the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. (Doc. #1). He further alleges various state law claims against Defendants. Id. Defendants Rogers, Townsend & Thomas PC; OneWest Bank; Deutsche Bank National Trust Company (as Trustee for GSAA Home Equity Trust 2006); Bank of America Corporation; Suntrust Bank; Brock and Scott PLLC; Wells Fargo Bank; and Korn Law Firm PA each filed motions to dismiss

1

the action.  (Doc. #43, 48, 67, 70, 72, 75, 81, 82).  Plaintiff filed a response in opposition to the motions to dismiss on January 14, 2015.  (Doc. #112).  Defendants Brock and Scott PLLC; Korn Law Firm PA; OneWest Bank; Rogers, Townsend & Thomas PC; and Suntrust Bank filed replies thereto.  (Doc. #113, 114, 115, 117, 118).

This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Paige J. Gossett, to whom this case was assigned pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.).  In the Report, the Magistrate Judge recommends that this Court (1) dismiss Defendants Does 1-25 and Deutsche Bank National Trust Company (as Trustee for Soundview Home Loan Trust 2005-4) from this action without prejudice because they were never served with process; (2) grant the remaining Defendants' motions to dismiss as to Plaintiff's federal claims; and (3) decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  (Doc. #121).  Plaintiff filed objections to the Report on March 23, 2015.  (Doc. #123).  Along with his objections, Plaintiff filed a motion to amend his Complaint, seeking permission to assert a new claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and to reassert his FCRA claim.  (Doc. #131).  These matters are now ripe for disposition.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report and Plaintiff's objections thereto in accordance with this standard, and it concludes that the Magistrate Judge accurately summarizes the case and the applicable law.  Accordingly, it is hereby **ORDERED** that the Report and Recommendation is **ACCEPTED** (Doc. #121), and Plaintiff's objections are **OVERRULED** (Doc. #123).  For the reasons articulated by the Magistrate Judge, Defendants Deutsche Bank National Trust Company (as Trustee for Soundview Home Loan Trust 2005-4) and Does 1-25 are hereby **DISMISSED** from this action without prejudice, and the remaining Defendants' motions to dismiss are hereby **GRANTED** (Doc. #43, 48, 67, 70, 73, 75, 81, 82).  The Court has also reviewed the pending motion to amend and concludes that amendment would be futile.  See Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006) (noting that under Federal Rule of Civil Procedure 15(a), "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile").  Plaintiff's motion to amend is therefore **DENIED**. (Doc. #131).

**IT IS SO ORDERED.**

                                        *s/ Terry L. Wooten*
                                        Terry L. Wooten
                                        Chief United States District Judge

May 11, 2015
Columbia, South Carolina